# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ERNEST ANAYA, | CASE NO. 1:09-cv-01653-DLB PC |
| Plaintiff, | ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO FILE SECOND AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| HERRINGTON, et al., | (Doc. 14) |
| Defendants. | RESPONSE DUE WITHIN 30 DAYS |

**Order Following Screening Of First Amended Complaint**

**I.     Background**

Plaintiff Richard Ernest Anaya ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. On September 17, 2009, Plaintiff initiated this action by filing his complaint. On October 29, 2009, the Court dismissed the complaint, with leave to file an amended complaint within thirty days. On November 16, 2009, Plaintiff filed his first amended complaint.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been

1

paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  *Id.* at 1949.

## II.  Summary of Amended Complaint

Plaintiff is incarcerated at Kern Valley State Prison ("KVSP") in Delano, California, where the events giving rise to this action occurred.  Plaintiff names as defendants warden Herrington, chief medical officer Lopez, medical doctor Chen, associate warden Keldgore, and correctional counselor J. White.

Plaintiff alleges that he was denied inmate appeals regarding medical treatment, ADA accommodations, single cell status, grab bars, and crutches by Defendant Herrington.  (Pl's First Am. Compl.)  Plaintiff alleges that defendant Chen, as Plaintiff's primary physician, denied his single cell status and request for follow-up care with a back specialist.  (FAC 1C.)  Plaintiff alleges that he has a permanent accommodation chrono which states that he has an infectious disease which makes him a medical risk of infection to any inmate who may be housed with him.  (*Id.*)  Plaintiff's exhibits submitted and incorporated by reference indicate that he suffers from a prolapsed rectum and thus suffers from incontinence.

Plaintiff alleges that Defendants Keldgore and White took away Plaintiff's single cell status and placed him in administrative segregation for disobeying an order to accept a cell mate.  (*Id.*)  Plaintiff alleges that he never said he would assault any inmate that was put in his cell, but rather tried to explain enemy concerns and how other inmates become hostile when they find out

2

about Plaintiff's medical condition.  (*Id.*)  Plaintiff alleges that Defendant White assessed a rules violation against Plaintiff for failing to take a cell mate, even if he should not be double celled.  (FAC 2D.)

Plaintiff alleges that Defendant Lopez as chief medical officer denied Plaintiff's appeal and is not providing a knee surgery which is causing Plaintiff acute wanton pain.  (*Id.*)  Plaintiff also alleges that Defendant Lopez is not providing follow-up care for Plaintiff's lower back.  (*Id.*)  Plaintiff seeks money damages.

**III.    Discussion**

    **A.    Eighth Amendment - Deliberate Indifference To A Serious Medical Need**

The Eighth Amendment prohibits cruel and unusual punishment.  "The Constitution does not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and citation omitted).  A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  The deliberate indifference standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." *Id.* at 837.

"Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060.  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff's allegations against Defendants Keldgore and White fails to state a cognizable

Eighth Amendment claim.  Plaintiff alleges only that Defendants denied him his single cell status, and that Defendant White assessed Plaintiff a rules violation for refusing to accept a cell mate.  This is not sufficient to indicate that Defendants knew of and disregarded an excessive risk to inmate health or safety.  The risk must be sufficiently serious, and must be a risk to Plaintiff's health or safety.  Furthermore, Defendants must know of this risk and disregard it.  The Court reminds Plaintiff that he must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).  Facts, not legal conclusions, are acceptable.  *Id.*

Plaintiff's allegations against Defendant Chen fail to state a cognizable Eighth Amendment claim.  Plaintiff alleges that Defendant Chen denied his single cell status and request for follow-up care with a back specialist.  Plaintiff contends that he is an infectious inmate because of his incontinence and digestive issues.  Here, Plaintiff has not sufficiently alleged that Defendant Chen knew of and disregarded an excessive risk to Plaintiff's health or safety.  *Farmer*, 511 U.S. at 837.  Furthermore, a difference of opinion between the physician and prisoner concerning appropriate course of treatment does not amount to deliberate indifference to a serious medical need.  *Toguchi*, 391 F.3d at 1058.  In order to establish a difference of opinion amounts to deliberate indifference, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances" and "that the chose this course in conscious disregard pf an excessive risk to [the prisoner's] health."  *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).  Plaintiff does not sufficiently demonstrate that Defendant Chen's treatment was medically unacceptable or chosen in conscious disregard of an excessive risk to Plaintiff's health.  *Id.*

Plaintiff's allegations against Defendant Herrington and Lopez in their roles as supervisory personnel also fails to state a cognizable Eighth Amendment claim.  Under § 1983, there is no respondeat superior liability, and each defendant is liable only for his or her own misconduct.  *Iqbal*, 129 S. Ct. at 1948-49.  Plaintiff's allegations that Defendants Herrington and Lopez are responsible for the conduct of the individuals under their supervision, without more, is insufficient to state a cognizable claim under § 1983.

4

Plaintiff's allegation that Defendant Lopez denied him a knee surgery is also insufficient to state a cognizable Eighth Amendment claim. Plaintiff fails to demonstrate that Defendant Lopez's conduct was medically unacceptable or chosen in conscious disregard of an excessive risk to Plaintiff's health. *Jackson*, 90 F.3d at 332.

**B.    ADA Claim**

Title II of the Americans with Disabilities Act (ADA) "prohibit[s] discrimination on the basis of disability." *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002). Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. Title II of the ADA applies to inmates within state prisons. *Pennsylvania Dept. of Corrections v. Yeskey*, 118 S. Ct. 1952, 1955 (1998).

"To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." *Lovell*, 303 F.3d at 1052. To recover monetary damages under Title II of the ADA or the Rehabilitation Act, a plaintiff must prove intentional discrimination on the part of the defendant," and the standard for intentional discrimination is deliberate indifference. *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001).

Plaintiff's allegations fail to state a cognizable ADA claim. Plaintiff's exhibits indicate that he had an accommodation chrono which indicated that Plaintiff be single-cell status. Prison officials ruling on Plaintiff's inmate appeals found that Plaintiff received a lower bunk, elevated commode, grip bars, and wheelchair access. Plaintiff fails to demonstrate that he was denied access to any of the prison's services, programs, or activities. Plaintiff thus fails to state an ADA claim.

**C.    Rules Violation**

Plaintiff contends that he was assessed a rules violation for refusing a cell mate, even

5

though he was not supposed to have one.  Plaintiff contends he was placed in administrative segregation ("ad seg")  for refusing a cell mate.  Plaintiff fails to demonstrate that his placement in ad seg violated any federal or constitutional rights.  Plaintiff was provided with notice and reason for his placement in ad seg, and had an opportunity to respond.  *Hewitt v. Helms*, 459 U.S. 460, 476 (1983), *abrogated in part on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).  Plaintiff thus appeared to receive adequate due process for his ad seg placement.  Accordingly, Plaintiff fails to state a cognizable § 1983 claim regarding the rules violation.

### IV.     Conclusion and Order

Plaintiff's complaint fails to state any claims against any defendants under § 1983.  The Court will provide Plaintiff with an opportunity to file a second amended complaint curing the deficiencies identified by the Court in this order.  *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).  If Plaintiff does not wish to pursue this action, Plaintiff may file a notice with the Court that he wishes to voluntarily dismiss this action pursuant to Federal Rule of Civil Procedure 41(a).

Plaintiff's second amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading,"  L. R. 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's first amended complaint is dismissed, with leave to amend, for failure to state any claims under § 1983;

2. The Clerk's Office shall send Plaintiff a complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall either file a second amended complaint or notify the Court of his intent to voluntarily dismiss this action; and

4. If Plaintiff fails to respond within thirty (30) days, the Court will dismiss this action for failure to obey a court order and failure to state a claim.

IT IS SO ORDERED.

Dated:   **April 12, 2010**              /s/ **Dennis L. Beck**
                                         UNITED STATES MAGISTRATE JUDGE

7