# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ERNEST ANAYA, | CASE NO. 1:09-CV-01653-DLB PC |
| Plaintiff, | ORDER DISMISSING CERTAIN CLAIMS |
| v. | (DOC. 25) |
| HERRINGTON, et al., | |
| Defendants. | |

## Screening Order

### I.  Background

Plaintiff Richard Ernest Anaya ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act ("ADA").  Plaintiff initiated this action by filing his complaint on September 17, 2009.  On October 29, 2009, the Court screened Plaintiff's complaint and dismissed with leave to amend.  On November 16, 2009, Plaintiff filed his first amended complaint.  On April 13, 2010, the Court screened Plaintiff's first amended complaint and dismissed with leave to amend.  On April 29, 2010, Plaintiff filed his second amended complaint.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*

**II.     Summary of Second Amended Complaint**

Plaintiff is incarcerated at Kern Valley State Prison ("KVSP") in Delano, California, where the events giving rise to this action occurred.  Plaintiff names as Defendants warden Herrington, chief medical officer S. Lopez, medical doctor Chen, associate warden Kelgore, and CC II J. White.

Plaintiff alleges the following.  Plaintiff had received a finding by a previous doctor that he was permanently disabled due to his having a prolapsed rectum and Hepatitis C.  Plaintiff also has lower extremity problems.  Plaintiff had previously received a medical chrono to be single-celled.

Defendant S. Lopez was aware of Plaintiff's medical issues by denying him a medical chrono to be single-celled.  Defendant S. Lopez was aware of the risk to Plaintiff from catching diseases, and from spreading Hepatitis C to other inmates.  Defendant S. Lopez denied follow-up care for Plaintiff's lower back which causes Plaintiff acute pain when he suffers a prolapse. Plaintiff was also denied necessary reconstructive surgery for his knee.  Plaintiff has lower extremity problems which requires a grab bar to use the toilet.  Plaintiff is not in a cell with grab bars.

2

1    Defendant Chen was aware that Plaintiff suffered from Hepatitis C and that Plaintiff is
2 susceptible to contracting other infectious diseases because of his rectal prolapse.  Defendant
3 Chen denied Plaintiff his single cell chrono and ADA accommodations.  Plaintiff has a bulging
4 disc and flattened vertebrae in his back, which causes him acute pain.  Defendant Chen refused to
5 refer Plaintiff to a back specialist for surgery and treatment.
6    Defendants J. White and R. Keldgore were aware that Plaintiff had a chrono for single
7 cell status, and disregarded this by denying this chrono and placing Plaintiff in a cell with other
8 inmates.  Plaintiff has a transmittable disease, which leads other inmates to act aggressively when
9 they find out.  Defendants discriminated against Plaintiff by housing him in a cell without grab
10 bars for the toilet.
11    Defendant Herrington denied Plaintiff's grievance.  Defendant Herrington is responsible
12 for Plaintiff as warden of the prison.  Defendant discriminated against Plaintiff by housing him in
13 a cell without grab bars, and denying him single cell status.  Defendant also denied Plaintiff
14 follow up care with a back specialist.
15    Plaintiff requests as relief monetary damages and injunctive relief in the form of surgery.

16 **III.   Analysis**

17    **A.   Eighth Amendment**

18    The Eighth Amendment prohibits cruel and unusual punishment.  "The Constitution does
19 not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and
20 citation omitted).  A prisoner's claim of inadequate medical care does not rise to the level of an
21 Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal
22 civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate
23 indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting
24 *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  The deliberate
25 indifference standard involves an objective and a subjective prong.  First, the alleged deprivation
26 must be, in objective terms, "sufficiently serious . . . ." *Farmer*, 511 U.S. at 834 (citing *Wilson v.*
27 *Seiter*, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know[] of and disregard[]
28 an excessive risk to inmate health or safety . . . ." *Id.* at 837.

"Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Here, Plaintiff alleges a cognizable Eighth Amendment claim against Defendants S. Lopez and Chen. Plaintiff alleges sufficient facts that indicate Defendants S. Lopez and Chen knew of and disregarded an excessive risk to Plaintiff's health.

Plaintiff does not allege a cognizable Eighth Amendment claim against Defendants R. Keldgore and J. White. Plaintiff alleges that Defendants are placing Plaintiff in a situation which leads other inmates to be aggressive. However, Plaintiff has not sufficiently alleged that this risk is excessive. Plaintiff does not allege that other inmates are aware of Plaintiff's medical condition. Plaintiff also fails to allege that Defendants Keldgore and White knew that there was any serious risk to Plaintiff's health by placing him with other inmates.

Plaintiff does not allege a cognizable Eighth Amendment claim against Defendant Herrington. Plaintiff alleges that Defendant Herrington denied him access to a back specialist. This is not sufficient to demonstrate that Defendant Herrington knew of and disregarded an excessive risk to Plaintiff's health. The denial of an inmate grievance, by itself, is also insufficient to demonstrate that Defendant Herrington knew of and disregarded an excessive risk to Plaintiff's health.

**B.    Supervisory Liability**

Plaintiff's allegation of supervisory liability against Defendant Herringotn also fails. The Supreme Court recently emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. *Iqbal*, 129 S. Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Id.* at 1948. Rather, each government official, regardless of his

4

or her title, is only liable for his or her own misconduct.

When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under § 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff fails to allege any facts that indicate Defendant Herrington personally participated in an alleged deprivation of constitutional rights, knew of constitutional violations and failed to act to prevent them, or implemented a constitutionally deficient policy.

**C.     Americans With Disabilities Act**

Title II of the Americans with Disabilities Act ("ADA") prohibits discrimination on the basis of disability. *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002). Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. Title II of the ADA applies to inmates within state prisons. *Pennsylvania Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210 (1998).

"To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." *Lovell*, 303 F.3d at 1052. "To recover monetary damages under Title II of the ADA . . . a plaintiff must prove intentional discrimination on the part of the defendant," and the standard for intentional discrimination is

5

deliberate indifference. *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001). "Deliberate indifference requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." *Id.* at 1139 (citing *City of Canton v. Harris*, 489 U.S. 378, 389 (1988)).

Plaintiff cannot bring an ADA claim against prison officials in their individual capacity, as the proper defendant is the public entity responsible for the alleged discrimination. Furthermore, "a plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA." *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002).

Plaintiff has named Defendants S. Lopez, Chen, Herrington, Keldgore, and White as Defendants in their official capacity. Official capacity suits against state officials are an alternative way of pleading an action against the entity of which the defendant is an officer. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991). Defendants are employed by CDCR, which is a public entity for purposes of Title II of the ADA.

Plaintiff's allegations are sufficient to state a cognizable ADA claim against Defendants in their official capacity.

**IV.     Conclusion And Order**

Based on the foregoing, it is HEREBY ORDERED that:

1. This action proceed against Defendants S. Lopez and Chen for deliberate indifference to a serious medical need in violation of the Eighth Amendment and against Defendants S. Lopez, Chen, Herrington, Keldgore, and White in their official capacity for violation of Title II of the Americans With Disabilities Act; and

2. All other claims are dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:   **November 29, 2010**            **/s/ Dennis L. Beck**
                                                                UNITED STATES MAGISTRATE JUDGE