# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ERNEST ANAYA, | CASE NO. 1:09-CV-01653-DLB PC |
| Plaintiff, | ORDER DENYING OBJECTIONS |
| v. | (DOC. 28) |
| HERRINGTON, et al., | |
| Defendants. | |

Plaintiff Richard Ernest Anaya ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act ("ADA").  On November 30, 2010, the Court screened Plaintiff's second amended complaint, and dismissed certain claims.  Doc. 26.  This action is proceeding against Defendants S. Lopez and Chen for deliberate indifference to a serious medical need in violation of the Eighth Amendment and against Defendants S. Lopez, Chen, Herrington, Keldgore, and White in their official capacity for violation of Title II of the ADA.

Plaintiff filed objections to the Court's screening order on December 13, 2010.  Doc. 28.  Plaintiff contends that the Court erred in dismissing any of Plaintiff's claims, and that it was unclear what claims the Court had dismissed.  The Court construes Plaintiff's objections as a motion for reconsideration.

The Court has discretion to reconsider and vacate a prior order.  *Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994); *United States v. Nutri-Cology, Inc.*, 982 F.2d 394, 396 (9th Cir. 1992); *see* Fed. R. Civ. P. 54(b).  Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs.  *Northwest*

*Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-6 (9th Cir. 1988).  Nor is reconsideration to be used to ask the court to rethink what it has already thought.  *United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz.1998).  "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden."  *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001).

Motions to reconsider are committed to the discretion of the trial court.  *Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987); *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (en banc).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  *See Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).  When filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

The Court denies Plaintiff's objections.  As stated clearly in the November 30, 2010 Order, the Court found that Plaintiff failed to state an Eighth Amendment claim against Defendants Keldgore, White, and Herrington.  However, the Court found a cognizable Eighth Amendment claim against Defendants Chen and Lopez.  The Court also found a cognizable ADA claim against all five Defendants in their official capacity.  Plaintiff cites no case law that supports his contention that the Court erred.

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's objections, filed December 13, 2010, are DENIED.

IT IS SO ORDERED.

Dated:   **December 16, 2010**           **/s/ Dennis L. Beck**
                                                           UNITED STATES MAGISTRATE JUDGE