IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ERNEST ANAYA, | 1:09-CV-01653-DLB (PC) |
| Plaintiff, | ORDER DISREGARDING MOTIONS TO CONTINUE COMPLAINT AS MOOT (DOCS. 22, 24) |
| v. | |
| HERRINGTON, et al., | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL ( DOC. 27) |
| Defendants. | |
| _____ / | |

   Plaintiff is a California state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court are three motions filed by Plaintiff.  On April 8, 2010 and April 19, 2010, Plaintiff filed motions to continue the action and not dismiss it.  As the Court has screened Plaintiff's second amended complaint and directed the United States Marshal to effect service of process, Plaintiff's motion are HEREBY DISREGARDED as moot.

   On December 9, 2010, Plaintiff filed a motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989).  However, in certain exceptional

1 circumstances the court may request the voluntary assistance of counsel pursuant to section
2 1915(e)(1). *Rand*, 113 F.3d at 1525.

3     Without a reasonable method of securing and compensating counsel, the court will seek
4 volunteer counsel only in the most serious and exceptional cases. In determining whether
5 "exceptional circumstances exist, the district court must evaluate both the likelihood of success
6 of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the
7 complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

8     In the present case, the court does not find the required exceptional circumstances. Even
9 if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations
10 which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with
11 similar cases almost daily. Further, at this early stage in the proceedings, the court cannot make a
12 determination that plaintiff is likely to succeed on the merits, and based on a review of the record
13 in this case, the court does not find that plaintiff cannot adequately articulate his claims. *Id.*

14     For the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY
15 DENIED, without prejudice.

16     IT IS SO ORDERED.

17     Dated:   **January 21, 2011**           /s/ **Dennis L. Beck**
18                                                                 UNITED STATES MAGISTRATE JUDGE