# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ERNEST ANAYA,<br><br>        Plaintiff,<br><br>   v.<br><br>HERRINGTON, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:09-CV-01653-AWI-DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO AMEND PLEADINGS<br><br>(DOC. 42) |

      Plaintiff Richard Ernest Anaya ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act. Plaintiff is proceeding against Defendants Keldgore, White, Chen, Harrington, and Lopez.

      Pending before the Court is Plaintiff's motion to amend his pleadings, filed May 5, 2011. Doc. 42. Defendants filed their opposition to the motion on May 26, 2011. Doc. 48. No reply was filed. The matter is submitted pursuant to Local Rule 230(l).

      "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." *Id.* The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'" *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712-13 (9th Cir. 2001) (quoting *Bowles v. Reade*, 198 F.3d 752, 757-58 (9th Cir. 1999)). However, "'[w]here the party seeking amendment knows or should know of the

facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend may be denied,'" *E.E.O.C. v. Boeing, Co.*, 843 F.2d 1213, 1222 (9th Cir. 1988) (quoting *Jordan v. County of L.A.*, 669 F.2d 1311, 1324 (9th Cir. 1982), *vacated on other grounds*, 459 U.S. 810 (1982)), and the "court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint," *Fidelity Financial Corp. v. Federal Home Loan Bank of San Francisco*, 792 F.2d 1432, 1438 (9th Cir. 1986).

Defendants contend that Plaintiff's proposed amendments violate Rule 20(a) of the Federal Rules of Civil Procedure and Local Rule 220. Plaintiff seeks to amend his complaint to include claims against doctor DiLeo. Plaintiff alleges that doctor DiLeo denied Plaintiff his pain medication without reason in 2010. Plaintiff's claims proceeding in this action concern events which occurred in 2009. Second Am. Compl., Doc. 25. In his second amended complaint, Plaintiff complained of his removal from single cell status, placement in a cell without grab bars, as well as failure to provide medical treatment for his back.

Plaintiff's claim against doctor DiLeo arises from a different transaction or occurrence. Thus, Plaintiff is not allowed to join doctor DiLeo to this action. *See* Fed. R. Civ. P. 20(a)(2) ("Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transaction or occurrences; and (B) any question of law or fact common to all defendants will arise in the action"). Thus, leave to amend would be futile, as Plaintiff's proposed amendments would violate Rule 20(a)(2).[1]

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion to amend, filed May 5, 2011, is denied.

IT IS SO ORDERED.

Dated:   **July 5, 2011**                    **/s/ Dennis L. Beck**
                                            UNITED STATES MAGISTRATE JUDGE

---

[1] As the Court agrees with Defendants' first argument regarding Federal Rule of Civil Procedure 20(a)(2), the Court does not reach Defendants' arguments regarding Local Rule 220.