1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   RICHARD ERNEST ANAYA,                    CASE NO. 1:09-CV-01653-AWI-DLB PC

10                          Plaintiff,        ORDER DENYING MOTION FOR
                                              EXTENSION OF TIME AS MOOT (DOC. 51)
11        v.
                                              ORDER GRANTING PLAINTIFF LEAVE TO
12   HERRINGTON, et al.,                      FILE THIRD AMENDED COMPLAINT
                                              (DOC. 52)
13                          Defendants.
                                              THIRD AMENDED COMPLAINT DUE
14                                            WITHIN THIRTY (30) DAYS

15   _____/

16        Plaintiff Richard Ernest Anaya ("Plaintiff") is a prisoner in the custody of the California

17   Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in

18   forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983 and Title II of the

19   Americans With Disabilities Act.  This action is proceeding on Plaintiff's second amended

20   complaint against Defendants Chen, Herrington, Keldgore, Lopez, and White.  Pending before

21   the Court is Plaintiff's objection to the undersigned's July 6, 2011 Order.  Doc. 52.[1]

22   **I.      Amending Pleadings**

23        On July 6, 2011, the undersigned denied Plaintiff's motion to amend his pleadings.

24   Plaintiff sought to amend his pleadings to include doctor DiLeo as a defendant.  The Court found

25   that Plaintiff's proposed pleadings were from an unrelated transaction or occurrence to the claims

26   _____

27        [1]  Plaintiff also a filed a motion for extension of time to file objections to the
     undersigned's order.  Doc. 51.  This motion is unnecessary, and is HEREBY ORDERED denied
28   as moot.

                                              1

1  in the second amended complaint and thus in violation of Federal Rule of Civil Procedure

2  20(a)(2).  The undersigned denied the motion to amend as futile.

3      Having re-examined the record and Plaintiff's objections, the undersigned agrees with

4  Plaintiff.[2]  Plaintiff's allegations all occurred in 2009 against the named Defendants, namely

5  February 9, April 6, and  July 13.  The claims concerned his removal from single cell status,

6  placement in a cell without grab bars, failure to provide medical treatment for his back, and

7  failure to provide medical treatment for his right knee.  Plaintiff's proposed pleadings involve

8  claims against doctor DiLeo for denying him pain medication on February 20, 2010.

9      Plaintiff's proposed pleadings allege that doctor DiLeo took Plaintiff off his pain

10  medication on February 20, 2010.  Pl.'s Mot 2, Doc. 42. Plaintiff was examined on February 26,

11  2010 for a medical emergency, at which point doctor DiLeo put Plaintiff back on the pain

12  medication.  Plaintiff further alleges that doctor DiLeo delayed in providing a specialist to

13  examine Plaintiff's lower back, and prolonged the follow-up care for Plaintiff's knee and back.

14      Under Federal Rule of Civil Procedure 20(a)(2),"[p]ersons . . . may be joined in one

15  action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the

16  alternative with respect to or arising out of the same transaction, occurrence, or series of

17  transaction or occurrences; and (B) any question of law or fact common to all defendants will

18  arise in the action."  While Plaintiff's proposed claims against doctor DiLeo arose in 2010, and

19  not 2009 like the Defendants, it does arise from the same transaction or occurrence pursuant to

20  Federal Rule of Civil Procedure 20(a)(2).  Plaintiff's proposed claims concern medical care

21  regarding his lower back and knee, which were found to be cognizable as against Defendant

22  Lopez.  Regarding amendments of pleadings, "[t]he court should freely give leave when justice

23  so requires."  Fed. R. Civ. P. 15(a)(2).  Thus, the Court will grant Plaintiff leave to amend.

24  ///

25  ///

26

27

28  [2]The Court has the power to review its previous orders prior to final judgment.  *See* Fed. R. Civ. P. 54(b).

2

**II.**   **Local Rule 220**

Under Local Rule 220,

> every pleading to which an amendment or supplement is permitted as a matter of
> right or has been allowed by court order shall be retyped and filed so that it is
> complete in itself without reference to the prior or superseded pleading. No
> pleading shall be deemed amended or supplemented until this Rule has been
> complied with. All changed pleadings shall contain copies of all exhibits referred
> to in the changed pleading.

Plaintiff may not amend his pleadings in a piecemeal fashion.  Plaintiff is required to file a third amended complaint which is complete in itself, without reference to the prior or superseded pleading.  An amended complaint supersedes the preceding complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  *King*, 814 F.2d at 567 (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474. Once Plaintiff files his third amended complaint, the Court will re-screen it pursuant to 28 U.S.C. § 1915A.  The Court will grant Plaintiff thirty (30) days in which to file his third amended complaint.  Failure to timely file or otherwise comply may result in waiver of the opportunity to file a third amended complaint.

**III.**   **Conclusion And Order**

Based on the foregoing, it is HEREBY ORDERED that:

1.     Plaintiff is GRANTED leave to file a third amended complaint within thirty (30) days from the date of service of this order;

2.     The Court will re-screen Plaintiff's third amended complaint pursuant to 28 U.S.C. § 1915A; and

3.     Failure to timely file or otherwise comply with this order may result in waiver of the opportunity to file a third amended complaint.

IT IS SO ORDERED.

**Dated:**   __**August 10, 2011**__        _____ **/s/ Dennis L. Beck**_____

UNITED STATES MAGISTRATE JUDGE