# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ERNEST ANAYA, | CASE NO. 1:09-CV-01653-AWI-DLB PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION WITHOUT PREJUDICE (DOC. 34) |
| v. | ORDER REQUIRING DEFENDANTS TO SERVE AND FILE RESPONSE TO PLAINTIFF'S MOTION (DOC. 45) |
| HERRINGTON, et al., | |
| Defendants. | RESPONSE DUE WITHIN THIRTY DAYS |
| / | |

**Order**

Plaintiff Richard Ernest Anaya ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act. This action is proceeding against Defendants Chen, R. Keldgore, Lopez, Herrington, and J. White. On February 16, 2011, Plaintiff filed a motion entitled "Motion for Temporary Restraining Orders to stop irreparable harm." Doc. 34. On May 6, 2011, Plaintiff re-filed the same motion. Doc. 45.[1] The Court treats these motions as one for

---

[1] Based on the proof of service, Plaintiff has only filed these motions with the Court. Plaintiff has not demonstrated that he served Defendants or attempted to serve Defendants with the motion, as required under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 5 (requiring service of written motions on party's attorney). A review of the court docket indicates that Defendants' counsel was notified via ECF as to Plaintiff's May 6, 2011 motion.

1

preliminary injunction.[2]

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 129 S. Ct. 365, 374 (2008) (citations omitted). The purpose of preliminary injunctive relief is to preserve the status quo or to prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).

Plaintiff's February 16, 2011 motion was never served on any Defendants. Defendants had yet to appear in the action, and were thus not notified. Plaintiff's May 6, 2011 motion does not appear to have been served on Defendants. However, Defendants had appeared as of April 14, 2011, and notice was provided to Defendants' counsel of Plaintiff's motion. In the interest of justice, the Court will deny Plaintiff's February 16, 2011 motion without prejudice, and require Defendants to file a response to Plaintiff's May 6, 2011 motion.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for preliminary injunction, filed February 16, 2011, is DENIED without prejudice; and
2. Defendants are to file a response to Plaintiff's motion for preliminary injunction, filed May 6, 2011, within thirty (30) days from the date of service of this order.

IT IS SO ORDERED.

Dated:   **August 30, 2011**              **/s/ Dennis L. Beck**
                                          UNITED STATES MAGISTRATE JUDGE

---

[2] Though Plaintiff titles his motion as one for temporary restraining order, Plaintiff has not met the significant threshold required. *See* Fed. R. Civ. P. 65(b) ("The court may issue a temporary restraining order without . . . notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition . . ."). No such specific facts were provided. Because Plaintiff's motion has not met these requirements, it is construed as one for preliminary injunction.