# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ERNEST ANAYA, | CASE NO. 1:09-CV-01653-AWI-DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF THIRD AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM WITH LEAVE TO AMEND |
| v. | |
| HERRINGTON, et al., | |
| Defendants. | (DOC. 54) |
| | OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS |
| _____/ | |

### Findings And Recommendations

I.     **Background**

Plaintiff Richard Ernest Anaya ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act.  This action is proceeding against Defendants Chen and Lopez for deliberate indifference to a serious medical need in violation of the Eighth Amendment and against Defendants Lopez, Chen, R. Keldgore, Lopez, Herrington, and J. White for violation of Title II of the ADA.  Pending before the Court is Plaintiff's third amended complaint, filed August 26, 2011, which Plaintiff labels as a "Motion to Amend."  Doc. 54.  The Court screens the third amended complaint pursuant to 28 U.S.C. § 1915A.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

1

Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*

**II.      Summary of Third Amended Complaint**

Plaintiff is currently incarcerated at Kern Valley State Prison ("KVSP") in Delano, California, where the events giving rise to this action occurred. Plaintiff names as Defendants: S. Lopez, chief medical officer; Chen, medical doctor; L. DiLeo, medical doctor; J. White, CC II (correctional counselor II); R. Kelgore, associate warden; and Herrington, warden.

Plaintiff alleges the following. Defendant Lopez knew of and disregarded an excessive risk to Plaintiff's health by denying Plaintiff a medical chrono for a single cell on July 13, 2009. Third Am. Compl. ("TAC") 2:23-3:10. A previous chief medical officer had found that Plaintiff should be single celled because he has Hepatitis C, which can be transmitted to other inmates. *Id.* Plaintiff has bleeding because of a rectal prolapse which makes him more susceptible to catching a disease. *Id.* A surgeon on July 11, 2006 found that Plaintiff is permanently disabled and should be single-celled. *Id.* at 3:11-26. Defendant Lopez is also denying follow-up care for Plaintiff's lower back which is causing Plaintiff acute pain when Plaintiff has a prolapse. *Id.* Plaintiff's right knee is in pain and requires surgery. *Id.*

1    Plaintiff has lower extremity problems which require the use of grab bars around the

2    toilet.  *Id.* at 4:1-20.  Plaintiff qualifies for ADA disability but has not been given grab bars for

3    his cell.  *Id.*  Plaintiff has a hernia that pushes into Plaintiff's lung, which causes breathing

4    problems.  *Id.*  Defendant does not provide adequate pain medication.  *Id.*  Plaintiff contends

5    intentional discrimination.  *Id.*

6    On February 9, 2009, Defendant Chen was aware and on notice that Plaintiff was infected

7    with Hepatitis C, which can infect other inmates.  *Id.* at 4:23-6:2.  Plaintiff was also more

8    susceptible to catching other diseases, such as HIV-AIDS, or Heptatis A and B.  *Id.*  Plaintiff was

9    intentionally discriminated against regarding ADA accommodations.  *Id.*  Doctors have found

10   that Plaintiff was permanently disabled.  *Id.*  Plaintiff has a bulging disc and vertebrae.  *Id.*

11   On April 6, 2009, Defendant J. White and R. Kelgore were responsible for denying

12   Plaintiff single cell status and housing Plaintiff in a cell without grab bars.  *Id.* at 7:16-8:12.

13   Plaintiff contends that both Defendants knew Plaintiff had a chrono that should be honored at all

14   institutions.  *Id.*  Plaintiff contends that housing him with another inmate was done with the

15   intent to "rooster fight" Plaintiff with other inmates who get aggressive after finding out Plaintiff

16   has Hepatitis C.  *Id.*

17   On July 13, 2009, Defendant Herrington denied Plaintiff's appeal.  *Id.* at 8:15-9:5.

18   Plaintiff contends that Defendant Herrington knew of the risk of serious harm to Plaintiff and

19   failed to respond.  *Id.*  Plaintiff contends Defendant Herrington intentionally discriminated

20   against Plaintiff by denying him a grab bar cell, as well as a single cell.  *Id.*  Defendant Herrington

21   denied Plaintiff's request for follow-up care by a back specialist.  *Id.*

22   On February 20, 2010, Defendant DiLeo removed Plaintiff from his MS moraphene

23   medication, which Plaintiff had been taken for the past two and a half years.  *Id.* at 6:5-7:13.

24   Plaintiff's lower back and right knee went into acute pain.  *Id.*  On February 26, 2010, Defendant

25   DiLeo examined Plaintiff for a medical emergency and apologized for removing Plaintiff.  *Id.*

26   Defendant DiLeo signed orders to wean Plaintiff off of the pain medication.  *Id.*  Defendant

27   DiLeo failed to provide a back specialist to examine Plaintiff's lower back, and prolonged urgent

28   follow up care for Plaintiff's knee and back.  *Id.*  High Desert State Prison had given orders for

1   Plaintiff to have urgent surgery.  *Id.*  Plaintiff also complained of high blood pressure, which

2   Defendant DiLeo thought might have to do with Plaintiff's pain.  *Id.*  Defendant DiLeo would

3   not prescribe a high dose of pain medication.  *Id.*  Defendant DiLeo had overdosed another

4   patient who had a heart condition.  *Id.*

5       Plaintiff requests as relief monetary damages, injunctive relief for surgery, and attorney's

6   fees.[1]

7   **III.**   **Analysis**

8       **A.**   **Eighth Amendment**

9       The Eighth Amendment prohibits cruel and unusual punishment.  "The Constitution does

10  not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and

11  citation omitted).   A prisoner's claim of inadequate medical care does not rise to the level of an

12  Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal

13  civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate

14  indifference in doing so.'"  *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting

15  *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  The deliberate

16  indifference standard involves an objective and a subjective prong.  First, the alleged deprivation

17  must be, in objective terms, "sufficiently serious . . . ."  *Farmer*, 511 U.S. at 834 (citing *Wilson v.*

18  *Seiter*, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know[] of and disregard[]

19  an excessive risk to inmate health or safety . . . ."  *Id.* at 837.

20      "Deliberate indifference is a high legal standard."  *Toguchi*, 391 F.3d at 1060.  "Under

21  this standard, the prison official must not only 'be aware of the facts from which the inference

22  could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the

23  inference.'"  *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837).  "'If a prison official should have

24  been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no

25  matter how severe the risk.'"  *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175,

26  _____

27      [1] Plaintiff's request for attorney's fees is denied.  Pro se litigants are not entitled to
    recover attorneys's fees pursuant to 42 U.S.C. § 1988.  *Friedman v. Arizona*, 912 F.2d 328, 333
28  n.2 (9th Cir. 1990).

1188 (9th Cir. 2002)).

Plaintiff fails to state an Eighth Amendment claim against Defendant Lopez.  Plaintiff alleges that Defendant Lopez denied Plaintiff's medical chrono for single cell status.  Plaintiff fails to allege how not receiving single cell status rises to the level of a substantial risk of serious harm to Plaintiff.  Plaintiff's allegations that he is more susceptible to diseases because he has rectal prolapses is speculative.  *Iqbal*, 129 S. Ct. at 1949.  Plaintiff alleges that Defendant Lopez denied Plaintiff follow-up care for his back.  Plaintiff fails to allege facts which demonstrate that denial of follow-up care is a substantial risk of serious harm to Plaintiff.

Plaintiff fails to state an Eighth Amendment claim against Defendant Chen.  Plaintiff alleges that Defendant Chen denied Plaintiff's chrono for single cell status.  Again, Plaintiff fails to allege how not receiving single cell status rises to the level of a substantial risk of serious harm to Plaintiff.  Allegations that he is more susceptible to disease are speculative.  Plaintiff also alleges Defendant Chen is denying Plaintiff follow-up care for his back.  Plaintiff fails to allege facts which demonstrate that denial of follow-up care is a substantial risk of serious harm to Plaintiff.[2]

Plaintiff fails to state an Eighth Amendment claim against Defendants White and Kelgore.  Plaintiff's allegations that they denied Plaintiff's single cell status fails to demonstrate that being denied single cell status rises to the level of a substantial risk of serious harm to Plaintiff.  Plaintiff's allegation that cell mates will attack Plaintiff once they discover Plaintiff's communicable diseases is speculative.

Plaintiff fails to state an Eighth Amendment claim against Defendant DiLeo.  Plaintiff alleges that Defendant DiLeo removed Plaintiff from his pain medication for six days, then put Plaintiff back on the medication.  Defendant DiLeo did this allegedly to wean Plaintiff off of the pain medication.  This amounts to an isolated incident of neglect, which fails to rise to the level of deliberate indifference.  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).  Plaintiff alleges

---

[2] Based on inmate grievance No. KVSP-09-240, submitted with the TAC and incorporated by reference, Plaintiff was referred to see a back specialist, which would indicate that follow-up care with a back specialist was provided.

1   that Defendant DiLeo failed to prescribe more pain medication for Plaintiff's high blood

2   pressure.  Plaintiff fails to allege how not overdosing Plaintiff is deliberate indifference to a

3   serious medical need.

4          Plaintiff fails to state an Eighth Amendment claim against Defendant Herrington.

5   Plaintiff alleges that Defendant Herrington denied Plaintiff's inmate appeal requesting single cell

6   status.  Plaintiff fails to allege facts which demonstrate that the denial of single cell status is a

7   substantial risk of serious harm to Plaintiff's health.  Plaintiff's allegations of harm from other

8   cell mates is speculative.  Plaintiff's allegations regarding denial of follow-up care for his back

9   fails to state a claim, as the allegations do not demonstrate a substantial risk of serious harm to

10  Plaintiff.

11         To the extent that Plaintiff is alleging supervisory liability against any Defendants,

12  Plaintiff fails to state a claim.  The term "supervisory liability," loosely and commonly used by

13  both courts and litigants alike, is a misnomer.  *Iqbal*, 129 S. Ct. at 1949.  "Government officials

14  may not be held liable for the unconstitutional conduct of their subordinates under a theory of

15  *respondeat superior*."  *Id.* at 1948.  Rather, each government official, regardless of his or her

16  title, is only liable for his or her own misconduct.

17         When the named defendant holds a supervisory position, the causal link between the

18  defendant and the claimed constitutional violation must be specifically alleged.  *See Fayle v.*

19  *Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir.

20  1978).  To state a claim for relief under § 1983 for supervisory liability, plaintiff must allege

21  some facts indicating that the defendant either: personally participated in the alleged deprivation

22  of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated

23  or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional

24  rights' and is 'the moving force of the constitutional violation.'"  *Hansen v. Black*, 885 F.2d 642,

25  646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.

26  1989).  Plaintiff fails to allege facts which demonstrate that any supervisory Defendants

27  personally participated in the violation of Plaintiff's constitutional rights, knew of constitutional

28  violations and failed to act, or implemented a policy that is so deficient it is the moving force of a

6

1    constitutional violation.  *Hansen*, 885 F.2d at 646; *Taylor*, 880 F.2d at 1045.

2        **B.    ADA**

3        Title II of the Americans with Disabilities Act ("ADA") prohibits discrimination on the

4    basis of disability.  *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002).  Title II of the ADA

5    provides that "no qualified individual with a disability shall, by reason of such disability, be

6    excluded from participation in or be denied the benefits of the services, programs, or activities of

7    a public entity, or be subject to discrimination by such entity."  42 U.S.C. § 12132.  Title II of the

8    ADA applies to inmates within state prisons.  *Pennsylvania Dept. of Corrections v. Yeskey*, 524

9    U.S. 206, 210 (1998).

10       "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a

11   qualified individual with a disability; (2) [he] was excluded from participation in or otherwise

12   discriminated against with regard to a public entity's services, programs, or activities; and (3)

13   such exclusion or discrimination was by reason of [his] disability."  *Lovell*, 303 F.3d at 1052.

14   "To recover monetary damages under Title II of the ADA . . . a plaintiff must prove intentional

15   discrimination on the part of the defendant," and the standard for intentional discrimination is

16   deliberate indifference.  *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001).

17   "Deliberate indifference requires both knowledge that a harm to a federally protected right is

18   substantially likely, and a failure to act upon that likelihood."  *Id.* at 1139 (citing *City of Canton*

19   *v. Harris*, 489 U.S. 378, 389 (1988)).

20       Plaintiff fails to allege an ADA claim.  Plaintiff fails to allege facts which demonstrate

21   Defendants excluded or discriminated against Plaintiff with regards to the prison's services

22   because of Plaintiff's disability.  Plaintiff is alleging that because he is disabled, he should have

23   accommodations.  Even assuming Plaintiff is a qualified individual with a disability, Plaintiff has

24   failed to allege facts which demonstrate that Defendants excluded Plaintiff *because of* his

25   disability.[3]

26   _____

27       [3] Based on Plaintiff's inmate grievance submitted with his third amended complaint and
incorporated by reference, it appears that prison officials at KVSP had provided Plaintiff with
28   accommodations for his alleged disability, such as authorization for a wheelchair, crutches,

1    **C.    Supplemental Jurisdiction**

2         Plaintiff alleges medical malpractice against Defendant Chen.  Pursuant to 28 U.S.C. §

3    1367(a), in any civil action in which the district court has original jurisdiction, the district court

4    "shall have supplemental jurisdiction over all other claims in the action within such original

5    jurisdiction that they form part of the same case or controversy under Article III," except as

6    provided in subsections (b) and (c).  "[O]nce judicial power exists under § 1367(a), retention of

7    supplemental jurisdiction over state law claims under 1367(c) is discretionary."  *Acri v. Varian*

8    *Assoc., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997). "The district court may decline to exercise

9    supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed

10   all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  The Supreme Court

11   has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be

12   dismissed as well."  *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966).

13   Because Plaintiff fails to state a cognizable § 1983 claim, the Court will not exercise

14   supplemental jurisdiction over his state law claims.

15   **IV.    Conclusion And Recommendation**

16        Plaintiff fails to state a claim against any Defendants.  The Court has provided Plaintiff

17   with several opportunities to amend.  *See* First Am. Compl., Doc. 14; Second Am. Compl., Doc.

18   25.  Plaintiff has amended his pleadings such that he no longer states a claim.  The Court finds

19   that Plaintiff may be able to cure the deficiencies identified regarding his claims, and thus

20   Plaintiff should be provided one final opportunity to amend.  *Lopez v. Smith*, 203 F.3d 1122,

21   1127 (9th Cir. 2000) (en banc).

22        Based on the foregoing, it is HEREBY RECOMMENDED that

23   1.    The third amended complaint be dismissed for failure to state a claim upon which

24         relief may be granted;

25   2.    Plaintiff be granted leave to file a fourth amended complaint within thirty days

26         from the date of service of the order resolving these Findings and

27

28   bottom bunk, and lower tier cell.  Doc. 54, Director's Level Review of KVSP-09-00240.

Recommendations;  and

3.     Failure to timely comply should  result in dismissal of the action with prejudice for failure to obey a court order and failure to state a claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **twenty-one (21) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   October 18, 2011                   /s/ Dennis L. Beck**
                              UNITED STATES MAGISTRATE JUDGE