# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ERNEST ANAYA, | 1:09-CV-01653-AWI-DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED (DOC. 64) |
| v. | |
| HERRINGTON, et al., | |
| Defendants. | OBJECTIONS DUE WITHIN FOURTEEN DAYS |

**Findings and Recommendations**

I. **Background**

Plaintiff Richard Ernest Anaya ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action by filing his complaint on September 17, 2009. On October 29, 2009, the Court screened Plaintiff's complaint and dismissed with leave to amend. On November 16, 2009, Plaintiff filed his first amended complaint. On April 13, 2010, the Court screened Plaintiff's first amended complaint and dismissed with leave to amend. On April 29, 2010, Plaintiff filed his second amended complaint. On November 30, 2010, the Court dismissed certain claims, and ordered service of process on Defendants Chen, Herrington, Keldgore, Lopez, and White for violation of the Eighth Amendment and Title II of the Americans with Disabilities Act. On August 10, 2011, Plaintiff was granted leave to file a third amended complaint. On August 26, 2011, Plaintiff filed his third amended complaint. Doc. 54. On October 19, 2011, the Court issued a Findings and

1

Recommendations, recommending dismissal of Plaintiff's third amended complaint for failure to state a claim, with leave to amend.[1]  On November 3, 2011, Plaintiff filed his fourth amended complaint.  Doc. 64.[2]

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*

## II.     Summary of Fourth Amended Complaint

Plaintiff is incarcerated at Kern Valley State Prison ("KVSP") in Delano, California, where the events giving rise to this action occurred.  Plaintiff names as Defendants warden Herrington, chief medical officer S. Lopez, medical doctor Chen, medical doctor DiLeo, associate warden Keldgore, and CC II J. White.  Plaintiff alleges the following against each

---

[1] The district judge assigned to this action adopted the Findings and Recommendations on March 27, 2012.  Doc. 70.

[2] Plaintiff's fourth amended complaint is labeled "motion to amend."

Defendant.

### A.     Defendant Lopez

On July 13, 2009, Plaintiff was denied single cell status by Defendant Lopez, causing Plaintiff to contract Hepatitis B by using an unsanitary toilet. Pl.'s 4th Am. Compl. ("4AC") 2:23-28. Plaintiff contends that Defendant Lopez knew of the risk to Plaintiff because Plaintiff bleeds when he has a rectal prolapse. *Id.* at 2:27-1:1. Plaintiff has irritable bowel syndrome, goes into wanton pain when he prolapses, and his lower back goes out, requiring Plaintiff to lay down until the pain passes. *Id.* at 3:1-4. Plaintiff has incontinence problems, and is required to clean the bathroom area of the cell. *Id.* at 3:4-11. Plaintiff had received a single cell status chrono from another medical doctor. *Id.* at 3:11-21. A medical doctor at UC Davis recommended that Plaintiff be placed on single cell status on March 20, 2006. *Id.*, Ex. A at 29-31. On December 18, 2006, another doctor at UC Davis recommended that a grab bar, a rail near the toilet, would remove pressure off of Plaintiff's abdominal area, making it less likely to exacerbate a prolapse. *Id.* at 6:1-6. Plaintiff arrived at KVSP on January 27, 2009. Plaintiff had received accommodations from medical staff at High Desert State Prison, but was denied such here. *Id.* at 6:11-20.

Defendant Lopez was responsible for Plaintiff's medical care. *Id.* at 4:6-8. Defendant Lopez is depriving Plaintiff of strong enough pain medication, such that he is in wanton pain in his right knee, and lower back, and rectal prolapse. *Id.* Defendant Lopez is disregarding Plaintiff's lower back follow-up care, as recommended by medical personnel at High Desert State Prison, where Plaintiff was previously incarcerated. *Id.* at 4:16-27. Plaintiff had been previously referred for knee construction surgery on February 2, 2009. *Id.* at 5:1-6. On July 18, 2011, Plaintiff learned from a knee surgeon at UC Davis that Plaintiff now needs knee replacement surgery. *Id.* at 5:7-23.

### B.     Defendant Chen

On February 9, 2009, Defendant Chen denied Plaintiff's medical chrono for single cell status, which caused Plaintiff to contract hepatitis B by using an unsanitary toilet. *Id.* at 7:1-6. Plaintiff's rectal prolapses make him more susceptible to contracting diseases such as Hepatitis

3

B. *Id.* at 7-11. Defendant Chen disregarded Plaintiff's lower back follow-up care, as recommended by High Desert State Prison medical personnel. *Id.* at 7:10-21. Defendant Chen did not provide knee surgery for Plaintiff. *Id.* at 9:15-16.

### C.     Defendant DiLeo

On February 20, 2010, Defendant DiLeo abruptly had Plaintiff taken off of his pain medication, morphine sulfate, which Plaintiff had been taking for the past two and a half years. *Id.* at 10:20-28. On February 26, 2010, Plaintiff had a medical emergency because of his extreme pain. *Id.* Defendant DiLeo examined Plaintiff and discovered that Plaintiff had been taking the medication for a long period of time and should have weaned Plaintiff off the drug rather than abruptly doing so. *Id.* at 11:1-13. Defendant DiLeo failed to provide knee surgery for Plaintiff. *Id.* at 12:9-10.

### D.     Defendants J. White and R. Keldgore

On April 6, 2009, Defendants White and Keldgore were aware of Plaintiff's chrono that Plaintiff should be housed in a single cell. *Id.* at 12:17-28. Their actions in not complying with the medical chrono caused Plaintiff to contract Hepatitis B by using an unsanitary toilet. *Id.*

### E.     Defendant Herrington

On July 13, 2009, Defendant Herrington denied Plaintiff's grievances, Nos. KVSP 09-240 and 34-10-10782, which denied Plaintiff a single cell, knee surgery, follow-up care for his back, adequate pain medication, and grab bar accommodations in his cell. *Id.* at 14:1-10. Plaintiff contracted Hepatitis B, was inflicted with wanton pain, and the deterioration of his knee. *Id.* at 14:11-14.[3]

Plaintiff contends a violation of due process against Defendant Herrington, and a violation of the Eighth Amendment, Title II of the Americans with Disabilities Act, and medical malpractice against all Defendants. Plaintiff does not specify what relief he seeks.

///

---

[3] A review of Plaintiff's exhibits contradicts Plaintiff's allegation. Defendant S. Lopez responded to the grievances, not Defendant Herrington. 4th Am. Compl., Ex. A, p. 54.

III.  **Analysis**

    A.  **Eighth Amendment**

The Eighth Amendment prohibits cruel and unusual punishment.  "The Constitution does not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and citation omitted).  A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  The deliberate indifference standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." *Id.* at 837.

"Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060.  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

    B.  **Defendant Lopez**

Plaintiff fails to state an Eighth Amendment claim against Defendant Lopez.  Plaintiff alleges that Defendant Lopez denied him single-cell status on July 13, 2009.  A review of Plaintiff's inmate grievances, submitted as exhibits and incorporated by reference, indicates that on July 13, 2009, the Director's level response denied Plaintiff's appeal regarding his cell.  4th Am. Compl., Ex. A, pp. 18-25.  Defendant Lopez provided a second level response dated April

5

13, 2009. *Id.*, Ex. A, p. 25; 3rd Am. Compl., Ex. A, pp. 28-29.[4] According to the exhibit, Defendant Lopez agreed with Defendant Chen that Plaintiff did not need a single cell because it was not medically required. Plaintiff alleges that he contracted Hepatitis B because he shared a cell, and was subject to rectal prolapse. However, Plaintiff has failed to allege facts which demonstrate that denial of single cell status is a serious harm, or that Defendant Lopez was aware of a serious harm in denying Plaintiff single cell status.

Plaintiff contends that Defendant Lopez disregarded Plaintiff's pain. A review of Plaintiff's exhibits, incorporated into the 4AC, indicate that Defendant Lopez responded to Plaintiff's grievances at the second level of review on three occasions, April 13, 2009, November 9, 2009, and June 12, 2010. 4th Am. Compl., Ex. A, pp. 25, 5-6, and 53-54; 3rd Am. Compl., Ex. A, pp. 28-29. Based on the grievances, Defendant Lopez found that Plaintiff was receiving appropriate medical care. In the April 13, 2009 second level response, Defendant Lopez found that Defendant Chen prescribed morphine for Plaintiff's pain. In the November 9, 2009 second level response, Defendant Lopez found that Plaintiff was in the process of being evaluated as to the necessity of surgery. In the June 12, 2010 second level response, Defendant Lopez found that Plaintiff was receiving naproxen and pamelor for his pain. Even though Plaintiff was not receiving the pain medication that he desired, Plaintiff was receiving other pain medication as prescribed by the pain management committee at KVSP. Thus, Plaintiff has failed to demonstrate that Defendant Lopez disregarded an excessive risk of serious harm to Plaintiff's health regarding Plaintiff's pain.

Regarding Plaintiff's back treatment, even assuming Plaintiff has alleged a sufficiently serious harm, Plaintiff fails to state a claim. Plaintiff was referred to a back specialist as of the April 13, 2009 second level response. Plaintiff has failed to demonstrate that Defendant Lopez disregarded an excessive risk of serious harm to Plaintiff's health regarding Plaintiff's back

---

[4] Plaintiff submitted an incomplete copy of Defendant Lopez's second level response with his fourth amended complaint. Plaintiff included the complete response in his third amended complaint. The Court takes judicial notice of Plaintiff's filings in this action. Page numbering for the third amended complaint is taken from the court docket numbering.

6

treatment.

### C. Defendant Chen

Plaintiff fails to state an Eighth Amendment claim against Defendant Chen. Plaintiff contends that Defendant Chen denied Plaintiff's single cell status. A review of Plaintiff's exhibits incorporated into the 4AC, indicate that Defendant Chen had denied Plaintiff single cell status as of February 9, 2009, finding it was not medically required. Plaintiff alleges that he contracted hepatitis because he shared a cell, and was subject to rectal prolapse. However, Plaintiff has failed to allege facts which demonstrate that denial of single cell status is a serious harm, or that Defendant Chen was aware of a serious harm in denying Plaintiff single cell status.

Plaintiff fails to state a claim regarding follow-up care with a back specialist. According to the submitted exhibits, Defendant Chen interviewed Plaintiff and determined that he would be referred to a back specialist as of the April 13, 2009 second level response to Plaintiff's grievance. Plaintiff has failed to allege facts which demonstrate that Defendant Chen was aware of a serious harm and disregarded it.

Plaintiff fails to state a claim regarding knee surgery. Plaintiff has failed to allege facts which demonstrate that Defendant Chen knew of a serious harm regarding Plaintiff's knee and disregarded it.

### D. Defendant DiLeo

Plaintiff fails to state an Eighth Amendment claim against Defendant DiLeo. Plaintiff alleges that Defendant DiLeo abruptly cut off Plaintiff from his morphine medication, resulting in Plaintiff suffering extreme pain. Plaintiff alleges that Defendant DiLeo was unaware that Plaintiff had been taking morphine for so long, and should have weaned Plaintiff off the medication. Plaintiff fails to allege facts which demonstrate that Defendant DiLeo knew of a serious harm and disregarded it. Plaintiff's allegations demonstrate that Defendant DiLeo was ignorant of Plaintiff's prior medical history, thus demonstrating that Defendant DiLeo lacked knowledge of a serious harm.

Plaintiff fails to state a claim regarding knee surgery. Plaintiff has failed to allege facts which demonstrate that Defendant DiLeo knew of a serious harm regarding Plaintiff's knee and

disregarded it.

### E. Deendants Keldgore and White

Plaintiff does not allege a cognizable Eighth Amendment claim against Defendants R. Keldgore and J. White. Plaintiff alleges that Defendants removed him from single cell status. However, Plaintiff has not sufficiently alleged that there is an excessive risk of serious harm in not having single cell status. Plaintiff has not alleged facts which demonstrate that Defendants Keldgore and White were aware of an excessive risk of serious harm in denying him single cell status.

### F. Defendant Herrington

Plaintiff does not allege a cognizable Eighth Amendment claim against Defendant Herrington. Plaintiff alleges that Defendant Herrington denied Plaintiff's grievances, Nos. KVSP 09-240 and 34-10-10782, and denied Plaintiff a single cell, knee surgery, follow-up care for his back, adequate pain medication, and grab bar accommodations in his cell. Based on the exhibits submitted in support, Defendant Herrington did not respond to any of the grievances. 4th Am. Compl., Ex. A, pp. 18-25, 49-54. Plaintiff has not linked Defendant Herrington to any act or omission that demonstrates a violation of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff alleges at most *respondeat superior* liability against Defendant Herrington, which fails to state a § 1983 claim. The term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. *Iqbal*, 129 S. Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Id.* at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct.

When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under § 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation

of constitutional rights or knew of the violations and failed to act to prevent them. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff fails to allege any facts that indicate Defendant Herrington personally participated in an alleged deprivation of constitutional rights or knew of constitutional violations and failed to act.

H. **Americans With Disabilities Act**

Plaintiff contends that Defendants denied him a cell with grab bars in violation of Title II of the Americans with Disabilities Act. Title II of the Americans with Disabilities Act ("ADA") prohibits discrimination on the basis of disability. *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002). Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. Title II of the ADA applies to inmates within state prisons. *Pa. Dep't. of Corr. v. Yeskey*, 524 U.S. 206, 210 (1998).

> To state a claim under Title II of the ADA, the plaintiff must allege:
> (1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of [his] disability.

*Simmons v. Navajo County*, 609 F.3d 1011, 1021 (9th Cir. 2010) (citing *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004)). "The term 'qualified individual with a disability' means an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C. § 12131(2).

"To recover monetary damages under Title II of the ADA . . . a plaintiff must prove intentional discrimination on the part of the defendant," and the standard for intentional discrimination is deliberate indifference. *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1138 (9th

9

Cir. 2001). "Deliberate indifference requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." *Id.* at 1139 (citing *City of Canton v. Harris*, 489 U.S. 378, 389 (1988)). The Court assumes without deciding that Plaintiff is a qualified individual with a disability.

Plaintiff fails to state a claim for violation of Title II of the ADA. Based on the submitted exhibits in support, Plaintiff was provided with a raised commode, and was later provided a cell with grab bars around the toilet. 4th Am. Compl. 18-25. Plaintiff has not alleged facts which demonstrate that he was denied a benefit of the prison's services, programs, or activities. If Plaintiff is seeking monetary damages, Plaintiff has also failed to demonstrate that he is entitled to such relief under the ADA. Plaintiff fails to allege sufficient facts to demonstrate deliberate indifference on the part of any Defendants.

### D. Supplemental Jurisdiction

Plaintiff alleges a medical malpractice state law claim. Pursuant to 28 U.S.C. § 1367(a), except as provided in subsections (b) and (c),

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claim in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

"[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997). "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). Because Plaintiff fails to state a cognizable § 1983 or ADA claim, the Court should decline to exercise supplemental jurisdiction over his state law claims.

### IV. Conclusion And Recommendation

Plaintiff fails to state a claim against any Defendants. The Court has provided Plaintiff

10

with several opportunities to amend.  *See* First Am. Compl., Doc. 14; Second Am. Compl., Doc. 25; Third Am. Compl., Doc. 54.  The Court finds that Plaintiff will be unable to cure the deficiencies identified in these Findings and Recommendations.  Thus, further leave to amend should not be granted.

Based on the foregoing, it is HEREBY RECOMMENDED that

1. This action be dismissed for failure to state a claim upon which relief may be granted;
2. Supplemental jurisdiction over Plaintiff's state law claims be declined;
3. All other pending motions be denied as moot; and
4. The Clerk of the Court be directed to close this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  A party may respond to another party's objections by filing a response within **fourteen (14) days** after being served with a copy of that party's objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    **April 4, 2012**                              /s/ **Dennis L. Beck**
                                                                      UNITED STATES MAGISTRATE JUDGE