**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ERNEST ANAYA,<br><br>　　　Plaintiff,<br><br>　v.<br><br>HERRINGTON, et al.,<br><br>　　　Defendants. | Case No. 1:09-cv-01653-AWI-DLB PC<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS**<br><br>**ECF No. 77**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS** |

**Findings and Recommendations**

**I.　Background**

　　Plaintiff Richard Ernest Anaya ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. On April 30, 2012, Plaintiff filed his Fifth Amended Complaint. ECF No. 77. The complaint is before the Court for screening.

　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

1  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
2  claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

3  A complaint must contain "a short and plain statement of the claim showing that the pleader
4  is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but
5  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,
6  do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550
7  U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a
8  claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). While factual
9  allegations are accepted as true, legal conclusions are not. *Id.*

10  ## II.  Summary of Fifth Amended Complaint

11  Plaintiff was incarcerated at Kern Valley State Prison ("KVSP") in Delano, California, where
12  the events giving rise to this action occurred. Plaintiff names as Defendants: chief medical officer S.
13  Lopez, medical doctor Chen, medical doctor Dileo, J. White and R. Keldgore, and warden
14  Herrington. Plaintiff alleges that Defendants 1) denied Plaintiff grab bars for his cell toilet, 2)
15  denied Plaintiff single cell accommodation, resulting in Plaintiff contracting Hepatitis B, 3) delayed
16  surgery for Plaintiff's right knee, 4) failed to provide follow-up care for Plaintiff's lower back, and
17  5) took away Plaintiff's adequate pain medication. Plaintiff's specific allegations against each
18  Defendant are as follows.

19  ### A. Defendant S. Lopez

20  On July 13, 2009, Defendant S. Lopez denied Plaintiff a medical chrono for single cell,
21  causing Plaintiff to contract Hepatitis B by using an unsanitary toilet in his cell. Fifth Am. Compl.
22  2:23-27. Defendant Lopez was aware of the risk of Plaintiff contracting Hepatitis B because
23  Plaintiff bleeds when he has a rectal prolapse. *Id.* at 2:27-3:1. Plaintiff also has irritable bowel
24  syndrome and has "wanton" pain when he prolapses. *Id.* at 3:1-3. Plaintiff's lower back goes in and
25  out and he has to lie down on his bunk until the pain passes. *Id.* at 3:3-4. Plaintiff also has
26  incontinence problems where he defecates on himself, requiring that he clean the bathroom area of
27  the cell while in pain because he has a cell mate. *Id.* at 3:5-7. Plaintiff is deprived of frequent access
28  to the toilet because he has a cell mate. *Id.* at 3:7-11.

1    Plaintiff had received a previous chrono in which he received single cell status because of his
2    medical condition (rectal prolapses) and susceptibility to contract Hepatitis, herpes, and HIV. *Id.* at
3    3:11-15.  Because Defendant Lopez did not comply with the chrono, Plaintiff contracted Hepatitis.
4    *Id.* at 3:16-17.

5    On March 20, 2006, Dr. Vidovszky, a UC Davis gastrointestinal professor and medical
6    surgeon, declared that Plaintiff is permanently disabled, and recommended that Plaintiff be single
7    celled. *Id.* at 3:22-26.  On July 11, 2006, Dr. Tan, a surgeon at the doctors' hospital of Manteca
8    agreed, and found that Plaintiff is permanently disabled and should be single-celled. *Id.* at 4:1-5.
9    Defendant S. Lopez is responsible for all medical care that Plaintiff receives and needs. *Id.* at 4:6-8.

10   Plaintiff contends that he should receive morphine sulfide for his pain. *Id.* at 4:8-9.  Plaintiff
11   is in pain from his right knee, lower back, and rectal prolapse. *Id.* at 4:11-14.

12   Defendant S. Lopez disregards Plaintiff's lower back care. *Id.* at 4:16-17.  Plaintiff has
13   flattened vertebrae and bulging discs in his back. *Id.* at 4:17-22.  Plaintiff was not provided follow-
14   up care, namely to see a back specialist as recommended by doctors at High Desert State Prison
15   ("HDSP"), Plaintiff's former prison of incarceration, to determine whether he needed surgery, which
16   left Plaintiff in pain for the past three years. *Id.* at 4:22-27.

17   On April 8, 2008, Reno orthro surgery center specialty clinic signed Plaintiff for urgent knee
18   surgery, ordered by Dr. Uppal, a surgeon.[1]  *Id.* at 5:1-3.  The surgery was going to be knee
19   reconstruction. *Id.* at 5:3-6.  On July 18, 2011, Dr. Penal of UC Davis, a knee surgeon, informed
20   Plaintiff that he now needs a knee replacement rather than reconstruction. *Id.* at 5:7-10.

21   Plaintiff has been at KVSP since January 27, 2009, and for the past three years, the urgent
22   surgery was not done, leaving Plaintiff in pain. *Id.* at 5:10-13.  Despite using crutches, Plaintiff's
23   knee is very loose and one slight movement could pull the knee out of the socket, which is very
24   painful. *Id.* at 5:13-16.  Plaintiff has use of a brace, but that causes pain because it is bent. *Id.* at
25   5:17-18.  Plaintiff's wheelchair was given back because it caused Plaintiff's lower back to go into
26   pain. *Id.* at 5:18-20.  Knee surgery was needed, and Defendant Lopez did not provide it, causing

27

28   [1] Plaintiff had listed February 2, 2009 as the date of his meeting with Dr. Uppal.  However, based on Plaintiff's exhibits submitted in support, Plaintiff was seen by Dr. Uppal on April 8, 2008, while Plaintiff was incarcerated at HDSP.  Fifth Am. Compl., Ex. A, p. 9.

3

Plaintiff long-term pain and suffering. *Id.* at 5:21-23.

On December 18, 2006, urologist and surgeon Chamie, at UC Davis, reported that an ADA grab bar near the toilet would remove pressure off of Plaintiff's abdomen and less likely to exacerbate the prolapse from abdominal strain. *Id.* at 6:1-6. Medical doctors at HDSP qualified Plaintiff for ADA grab bar accommodations around the toilet. *Id.* at 6:6-10. For the past three years at KVSP, Plaintiff was not given ADA accommodations leaving him pain and long term suffering. *Id.* at 6:11-24.

### B. Defendant Chen

On February 9, 2009, Defendant Chen denied Plaintiff's chrono for a single cell, causing him to contract Hepatitis B from use of an unsanitary toilet. *Id.* at 7:2-6. Plaintiff repeats his claims against Defendant S. Lopez against Defendant Chen. *Id.* at 7:1-10:17.

### C. Defendant Dileo

On February 20, 2010, Defendant Dileo abruptly had Plaintiff taken off of his morphine sulfate medication, medication that Plaintiff had been taking for the past two and a half years for pain management. *Id.* at 10:20-22. Removing Plaintiff from morphine sulfate abruptly caused him pain and suffering. *Id.* at 10:24-28. Upon later examining Plaintiff and his medical records, Defendant Dileo discovered that Plaintiff had been taking morphine sulfate for a long period of time and should have detoxed the Plaintiff rather than abruptly removing him from the pain medication. *Id.* at 11:1-5. Plaintiff also complains that Defendant Dileo failed to provide knee surgery for Plaintiff. *Id.* 12:9-14.

### D. Defendants White and Keldgore

On April 6, 2009, Defendants White and Keldgore were aware that Plaintiff had a chrono for single cell status from a previous institution, applicable to all future institutions, and refused to honor it. *Id.* at 12:17-21. Both Defendants White and Keldgore knew that Plaintiff was subject to contracting a disease because Plaintiff bleeds when he has a prolapse. Plaintiff repeats his claims regarding incontinence issues, cleaning up the toilet, and sharing a bathroom with a cell mate. *Id.* at 12:17-13:28.

///

**E. Defendant Herrington**

On July 13, 2009, Defendant Herrington denied Plaintiff's appeal, KVSP-09-0040, and KVSP-34-10-10782. *Id.* at 14:1-10. Defendant had complete authority over each Defendant, but failed to correct their wrongdoing. *Id.*

Plaintiff alleges a violation of the Eighth Amendment, Title II of the Americans with Disabilities Act ("ADA"), the Due Process Clause of the Fourteenth Amendment, and state law claim of medical malpractice. Defendants are all sued in their individual and official capacity. Plaintiff requests monetary damages and declaratory and injunctive relief.[2]

**III.  Analysis**

**A.  Eighth Amendment**

The Eighth Amendment prohibits cruel and unusual punishment. "The Constitution does not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and citation omitted). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." *Id.* at 837.

"Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the

---

[2] Plaintiff's request for injunctive relief should be denied. Plaintiff is no longer incarcerated at KVSP, and is now incarcerated at Corcoran State Prison ("CSP"). Transfer to another prison generally renders a request for injunctive relief moot. *Preiser v. Newkirk*, 422 U.S. 395, 402-03 (1975); *Andrews v. Cervantes*, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007).

risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

### 1. Defendant Lopez

Plaintiff fails to state an Eighth Amendment claim against Defendant Lopez regarding Plaintiff's denial of his medical chrono for single cell status. Plaintiff contends that Defendant Lopez's failure to provide him with a single cell resulted in Plaintiff contracting Hepatitis B. Contracting Hepatitis B is a serious medical need. However, Plaintiff fails to allege sufficient facts to indicate that Defendant Lopez knew that Plaintiff had an excessive risk of contracting Hepatitis B merely because he had a cell mate. There are no allegations which demonstrate that Defendant Lopez was aware that Plaintiff was at a substantial risk of serious harm to his health by being double celled.

Plaintiff states an Eighth Amendment claim regarding treatment of his lower back. Plaintiff has sufficiently alleged a serious medical need regarding his lower back causing him pain. Plaintiff also alleged that Defendant Lopez is not providing follow-up care regarding evaluation by a specialist.

Plaintiff states an Eighth Amendment claim regarding his pain medication. Plaintiff alleges that he is in chronic pain, which is sufficient to satisfy the objective prong of an Eighth Amendment medical care claim. Plaintiff also alleges that Defendant Lopez is denying him adequate pain medication.

Plaintiff sufficiently alleges an Eighth Amendment claim regarding treatment for his right knee. Plaintiff sufficiently alleges that pain in his right knee is a serious medical need. Plaintiff alleges that Defendant Lopez acted with deliberate indifference by denying knee surgery that was necessary for relieving Plaintiff's pain.

Plaintiff states an Eighth Amendment claim regarding being denied grab bars around his toilet. Plaintiff alleges that his use of the toilet without grab bars causes him pain, and that Defendants are depriving Plaintiff of grab bar use.

### 2. Defendant Chen

Plaintiff fails to state an Eighth Amendment claim against Defendant Chen regarding Plaintiff's denial of his medical chrono for single cell status. Plaintiff fails to allege sufficient facts

1  to indicate that Defendant Chen knew that Plaintiff had an excessive risk of contracting Hepatitis B
2  merely because he had a cell mate.  There are no allegations which demonstrate that Defendant Chen
3  was aware that Plaintiff was at a substantial risk of serious harm to his health merely by being
4  double celled.

5       Plaintiff states an Eighth Amendment claim against Defendant Chen regarding treatment for
6  his lower back.  Like his allegations against Defendant Lopez, Plaintiff alleges that Defendant Chen
7  denied Plaintiff access to a specialist to examine Plaintiff's lower back.

8       Plaintiff states an Eighth Amendment claim against Defendant Chen regarding pain
9  medication.  Plaintiff alleges that Defendant Chen denied Plaintiff adequate pain medication.

10      Plaintiff states an Eighth Amendment claim against Defendant Chen regarding knee surgery.
11 Plaintiff alleges that Defendant Chen denied Plaintiff needed knee surgery.

12      Plaintiff states an Eighth Amendment claim regarding being denied grab bars around his
13 toilet.  Plaintiff alleges that his use of the toilet without grab bars causes him pain, and that
14 Defendants are depriving Plaintiff of grab bar use.

### 3. Defendant Dileo

16 Plaintiff fails to state an Eighth Amendment claim against Defendant Dileo regarding
17 morphine medication.  Plaintiff alleges that Defendant Dileo removed Plaintiff from his morphine
18 medication abruptly without weaning him off.  The Court will assume that taking a person off
19 morphine without first weaning the person off the medication is a serious medical need.  Defendant
20 Dileo allegedly did not consult Plaintiff's medical records to learn that Plaintiff had been taking
21 morphine for his pain for several years.  Thus, there are no facts which indicate that Defendant Dileo
22 knew of Plaintiff's serious medical need regarding his morphine medication.  Plaintiff alleges at
23 most medical malpractice, which fails to state a claim.  *Estelle v. Gamble*, 329 U.S. 97, 106 (1976)
24 ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition
25 does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical
26 malpractice does not become a constitutional violation merely because the victim is a prisoner.").

27      Plaintiff states an Eighth Amendment claim against Defendant Dileo regarding knee surgery.
28 Plaintiff alleges that Defendant Dileo denied Plaintiff needed knee surgery.

### 4. Defendants White and Keldgore

Plaintiff fails to state an Eighth Amendment claim regarding his single cell status. Plaintiff fails to allege sufficient facts to indicate that Defendants White and Keldgore knew that Plaintiff had an excessive risk of contracting Hepatitis B merely because he had a cell mate. There are no allegations which demonstrate that Defendants White and Keldgore was aware that Plaintiff was at a substantial risk of serious harm to his health merely by being double celled.

### 5. Defendant Herrington

Plaintiff alleges that Defendant Herrington denied Plaintiff's inmate grievances, KVSP-09-00240 and KVSP KVSP-34-10-10782. An examination of the grievances submitted as exhibits indicates that Defendant Herrington did not review or respond to the grievances.[3] *See Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295–96 (9th Cir. 1998) ("[W]e are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint."). Thus, Plaintiff fails to state a claim against Defendant Herrington.

Plaintiff appears to be alleging liability against Defendant Herrington because of his supervisory role. Plaintiff has not linked Defendant Herrington to any act or omission that demonstrates a violation of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff alleges at most *respondeat superior* liability against Defendant Herrington, which fails to state a § 1983 claim. The term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. *Iqbal*, 556 U.S. at 677. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Id.* at 676. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct. *Id.*

When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*,

---

[3]Plaintiff claims that Defendant Herrington denied Plaintiff's grievances, but his submitted exhibits clearly indicate that it was Defendant Lopez, not Defendant Herrington, who responded to Plaintiff's grievances at the second level of review. Plaintiff is warned that a knowing misrepresentation to the Court may result in dismissal of this action as sanction. Fed. R. Civ. P. 11(b).

8

607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under § 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights or knew of the violations and failed to act to prevent them. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff alleges no facts that indicate Defendant Herrington personally participated in an alleged constitutional deprivation or knew of the violations and failed to act to prevent them. Plaintiff fails to state an Eighth Amendment claim against Defendant Herrington.[4]

### B. Americans With Disabilities Act Claim

Plaintiff contends that Defendants Lopez and Chen denied him a cell with grab bars in violation of Title II of the Americans with Disabilities Act. Title II of the Americans with Disabilities Act ("ADA") prohibits discrimination on the basis of disability. *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002). Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. Title II of the ADA applies to inmates within state prisons. *Pa. Dep't. of Corr. v. Yeskey*, 524 U.S. 206, 210 (1998).

To state a claim under Title II of the ADA, the plaintiff must allege:

> (1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of [his] disability.

*Simmons v. Navajo County*, 609 F.3d 1011, 1021 (9th Cir. 2010) (citing *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004)). "The term 'qualified individual with a disability' means an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C. § 12131(2). The

---

[4] Because Defendant Herrington did not actually review or adjudicate Plaintiff's inmate grievances, Plaintiff also fails to state a claim for due process regarding his inmate grievances.

Court assumes without deciding that Plaintiff is a qualified individual with a disability.

Based on the allegations presented, Plaintiff's ADA claim for injunctive relief is now moot. The alleged violations occurred at KVSP. However, Plaintiff is now incarcerated at CSP. As stated previously, transfer to another prison generally renders a request for injunctive relief moot. *Preiser*, 422 U.S. at 402-03; *Andrews*, 493 F.3d at 1053 n.5.

Plaintiff cannot recover monetary damages against a state entity, such as the CDCR, or against Defendants in their official capacity as state officials, unless there is also a corresponding violation of the United States Constitution. *See United States v. Georgia*, 546 U.S. 151, 158-59 (2006) (holding Title II of the ADA can create private cause of action against states for conduct that is also constitutional violation, and is valid abrogation of state's sovereign immunity). The Court finds that Plaintiff states an Eighth Amendment claim regarding denial of grab bars for his cell's toilet. Thus, Plaintiff states an ADA claim against Defendants Chen and Lopez.

### C.  Medical Malpractice

Plaintiff alleges medical malpractice, a state law claim. Pursuant to 28 U.S.C. § 1367(a), except as provided in subsections (b) and (c),

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claim in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

Plaintiff states Eighth Amendment claims against Defendants Chen, Lopez, and Dileo. The Court will thus exercise supplemental jurisdiction over the medical malpractice claims against them.

### IV.  Conclusion and Recommendation

Plaintiff states an Eighth Amendment claim against Defendants Chen and Lopez for denial of pain medication, denial of treatment for his lower back, and denial of grab bars for his toilet. Plaintiff states an Eighth Amendment claim against Defendants Chen, Lopez, and Dileo for denial of knee surgery. The Court will exercise supplemental jurisdiction over Plaintiff's medical malpractice claims.

//

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.     This action proceed against Defendants Chen and Lopez for denial of pain medication, denial of treatment for his lower back, and denial of grab bars for his toilet in violation of the Eighth Amendment, an Eighth Amendment claim against Defendants Chen, Lopez, and Dileo for denial of knee surgery, ADA claim against Defendants Chen and Lopez, and state law claim for medical malpractice;

2.     Plaintiff's claims against Defendants Keldgore, White, and Harrington be dismissed with prejudiced for failure to state a claim; and

3.     Defendants Keldgore, White, and Herrington be dismissed from this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  A party may respond to another party's objections by filing a response within **fourteen (14) days** after being served with a copy of that party's objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).


IT IS SO ORDERED.

   Dated:   **September 10, 2012**                    /s/ *Dennis L. Beck*
                                                UNITED STATES MAGISTRATE JUDGE