# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ERNEST ANAYA, | CASE NO. 1:09-cv-01653-AWI-DLB PC |
| Plaintiff, | ORDER OVERRULING OBJECTIONS to AND DENYING RECONSIDERATION OF THE DISCOVERY AND SCHEDULING ORDER (Doc. 87) and DENYING PLAINTIFF'S MOTION FOR COUNSEL |
| v. | |
| HERRINGTON, et al., | |
| Defendants. | (Docs. 88, 89) |

**I.    Order**

    **A.    Procedural History**

Plaintiff Richard Ernest Anaya ("Plaintiff") is a California state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983 on his Fifth Amended Complaint, filed on May 10, 2012. (Docs. 77, 81, 83.) Defendants Chen and Lopez filed their Answer on November 14, 2012.[1] (Doc. 84.) On January 31, 2013, the Magistrate Judge assigned to this case issued a Discovery and Scheduling Order ("D&S Order") wherein the parties were ordered, no later than March 18, 2013, to provide various delineated disclosures, "[n]otwithstanding Federal Rule of Civil Procedure 26(a)(1)(B)." (Doc. 87.) Both sides filed documents titled as objections to the D&S Order. (Docs. 88, 89.)

Local Rule 303(c) requires that a party objecting to a ruling on general pretrial matters by a Magistrate Judge specifically designate the ruling, or part thereof, objected to, the basis for that

---

[1] Service on the remaining defendant, Delio, has been ordered. (Doc. 86.)

1

objection, and that it be captioned "Request for Reconsideration by the District Court of Magistrate Judge's Ruling." Though neither party complied with this latter requirement of the Local Rules, their objections are construed as requests for reconsideration. Further, while the document Plaintiff filed purports to be objections to the D&S Order, its thrust is that of a motion for appointment of counsel and is construed as such. (Doc. 89.)

### B. Defendants' Arguments

Defendants object to the D&S Order on the bases that it is contrary to law since this action is exempt[2] from the initial disclosure requirements of Federal Rule of Civil Procedure 26(a)(1) as Plaintiff is a *pro se* state prisoner and if the D&S Order is applied to all prisoner cases, great expense will be added to the State's defense of prisoner actions contravening the purpose of exemption. (Doc. 88.) These arguments are not persuasive to set aside the D&S Order.

#### 1. Standard

The Federal Magistrates Act[3] provides the standards for review of Magistrate Judge orders by a District Judge. On nondispositive matters, a magistrate judge's order is reviewed to ascertain whether it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *see also* Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate, 596 F.3d 1036, n. 4 (9th Cir. 2010) (*ref.* Maisonville v. F2 America, Inc., 902 F.2d 746, 747-48 (9th Cir. 1990)); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1063 (9th Cir. 2004). Thus, the D&S Order is subject to reconsideration if it is clearly erroneous or contrary to law.

The decision as to whether a Magistrate Judge's decision was clearly erroneous or contrary to law is "well within the discretion of the district court." Thornton v. McClatchy Newspapers, Inc., 261 F.3d 789, 799 (9th Cir. 2001) (*ref.* Ascon Props., Inc. v. Mobil Oil Co.,

---

[2] It is noteworthy that the language of Rule 26 was amended in 2007 "as part of the general restyling of the civil rules." These stylistic changes resulted in the renumbering of the subdivisions within Rule 26. Thus, prior to December 1, 2007, exempted proceedings were identified under Fed. R. Civ. P. 26(a)(1)(E). Subsequent to that date they are identified under Fed. R. Civ. P. 26(a)(1)(B). Accordingly, chronological advisory committee notes parallel these identifiers.

[3] The Federal Magistrates Act was codified at 28 U.S.C. §§ 604, 631-639 and 18 U.S.C. §§ 3060, 3401-3401 and was implemented by Fed. R. Civ. P. 72-75.

2

1  866 F.2d 1149, 1161 (9th Cir. 1989)).  Further, "[d]istrict courts have 'broad discretion to
2  manage discovery and to control the course of litigation under Federal Rule of Civil Procedure
3  16," Hunt v. County of Orange, 672 F.3d 606, 616, (9th Cir. 2012) (*quoting* Avila v. Willits
4  Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)), and are necessarily vested with
5  control "to manage their own affairs so as to achieve the orderly and expeditious disposition of
6  cases," Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991) (*quoting* Link v. Wabash R. Co., 370
7  U.S. 626, 630-31 (1962)).

8      It is true that the D&S Order requires the parties in this action to engage in disclosures
9  similar to those required under FRCP 26(a)(1). (Doc. 87.)  It is also true both that the plaintiff in
10 this action is an inmate proceeding *pro se* which would normally exempt this proceeding from
11 initial disclosures and that any standing order requiring initial disclosures in actions brought by
12 inmates proceeding *pro se* would be contrary to law.  *See* Fed. R. Civ. P. 26(a)(1) advisory
13 committee's note para.1 (2000).

14     However, the D&S Order is not, as Defendants suggest, a standing order to be applied to
15 all *pro se* inmate actions.  Rather, it is a case-specific order that issued only in this case in an
16 effort "[t]o expedite the fair disposition of this action and to discourage wasteful pretrial
17 activities. . . ."  (Doc. 87, 1:15.)  As such, the D&S Order is proper since "even in a case
18 excluded . . . , the court can order exchange of similar information in managing the action under
19 rule 16."  Fed. R. Civ. P. 26(a)(1) advisory committee's note para.1 (2000).

20     The purpose of initial disclosures under FRCP 26(a) is "to accelerate the exchange of
21 basic information . . . and to eliminate the paper work involved in requesting such information."
22 Fed. R. Civ. P. 26(a)(1) advisory committee's note para.2 (1993).  The D&S Order does precisely
23 that by its issuance in a case three and a half years old and subsequent to filing of answers by two
24 of the three remaining Defendants.  Orders such as the D&S Order fall well within the vested
25 control of a trial court to control it's docket and to ensure efficient use of limited judicial
26 resources.

27     In accordance with the provisions of 28 U.S.C. § 636(b)(1)(A) this Court has reviewed
28 the objections to the D&S Order and finds that the D&S Order is case specific and neither clearly

erroneous, nor contrary to law.

### C. Plaintiff's Objections/Motion for Appointment of Counsel

As previously indicated, though titled as objections, the document Plaintiff filed appears to be a motion for appointment of counsel. (Doc. 89.) Not once in this document does Plaintiff take issue with the D&S Order or any of its contents. Any objections Plaintiff intended to raise to the D&S Order are undecipherable and are properly overruled. Rather, than stating objections in this filing, Plaintiff emphasizes the complexity of this case, his inability to "navigate through the complex procedural and substantive aspects of his case to proceed diligently through depositions or otherwise develop the factual record necessary to adequately prosecute his case to prepare for jury trial or then to otherwise represent himself in a trial. Plaintiff believes that he has shown good cause for this court to appoint counsel in this matter and case." (Doc. 89, 3:2-8.) Plaintiff also indicates that this unverified document was written for him by another inmate and that he is has been paying inmates "with canteen" to file his legal motions in this action. (Id., at 3:10-15.) Thus, Plaintiff's "objections" are construed as a motion for counsel.

Plaintiff does not have a constitutional right to the appointment of counsel in this action. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) *citing* Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981). The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), but it will do so only if exceptional circumstances exist. Palmer, 560 F.3d at 970; Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer, 560 F.3d at 970 *quoting* Weygant v. Look, 718 F.2d 952, 954 (9th Cir. 1983) (emphasis in original). "Neither of these considerations is dispositive and instead must be viewed together." Palmer, 560 F.3d at 970, *quoting* Wilborn 789 F.2d at 1331.

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The Court is

faced with similar cases almost daily.  Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.  Id.

    Accordingly, IT IS HEREBY ORDERED that the objections filed by Plaintiff (Doc. 89) and Defendants (Doc. 88) to the Discovery and Scheduling Order (Doc. 87) are OVERRULED and Plaintiff's mot ion for appointment of counsel (Doc. 89) is DENIED without prejudice.

IT IS SO ORDERED.

Dated:    April 12, 2013                                    _____
                                                             SENIOR  DISTRICT  JUDGE