# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ERNEST ANAYA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HERRINGTON, et al.,<br><br>　　　　Defendants. | Case No. 1:09-cv-01653 AWI DLB PC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S PETITION FOR WRIT OF MANDAMUS<br><br>(Document 102) |

Plaintiff Richard Ernest Anaya ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983.  The action is proceeding against (1) Defendants Chen and Lopez for denial of pain medication, denial of treatment for his lower back, and denial of grab bars for his toilet in violation of the Eighth Amendment; (2) an Eighth Amendment claim against Defendants Chen, Lopez, and Dileo for denial of knee surgery; (3) an ADA claim against Defendants Chen and Lopez; and (4) a state law claim for medical malpractice.

On July 10, 2013, Plaintiff filed a document entitled, in part, "Writ of Mandamus and Prohibition Injunction Order for Irreparable Injury…"  The Court construes this as a motion for a preliminary injunction.

## A.  LEGAL STANDARD

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 376 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

## B.  DISCUSSION

The events at issue in this action occurred while Plaintiff was incarcerated at Kern Valley State Prison. In the instant motion, however, he states that he was transferred to Salinas Valley State Prison on August 2, 2013, and that certain individuals are now denying him medical care. The case or controversy requirement cannot be met in light of the fact that the issue Plaintiff seeks to remedy in his motion bears no relation, jurisdictionally, to the past events at Kern Valley State Prison giving rise to this suit. Lyons, 461 U.S. at 102; 18 U.S.C. § 3626(a)(1)(A); also Summers v. Earth Island Inst., 129 S.Ct. 1142, 1148-49 (2009); Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 102-04, 118 S.Ct. 1003 (1998). Because the case-or-controversy requirement cannot be met, the pendency of *this* action provides no basis upon which to award Plaintiff injunctive relief. Id. The only relief

available to Plaintiff in this action, should he prevail, is money damages for the past violation of his constitutional rights while housed at Kern Valley State Prison.

To the extent Plaintiff believes he is in danger, he has other avenues of relief available to him, including filing a petition for writ of habeas corpus in state court.  E.g., In re Estevez, 83 Cal.Rptr.3d 479, 491 (Cal. Ct. App. 2008).

## C. FINDINGS AND RECOMMENDATIONS

Based on the above, the Court RECOMMENDS that Plaintiff's motion for preliminary injunctive relief be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, a party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies may be filed within fourteen (14) days of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 7, 2013**                              /s/ Dennis L. Beck
                                                                   UNITED STATES MAGISTRATE JUDGE